## HENRY J. ORRELL

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

BURGLARY—*whether a "stable" is a "building."* An indictment for burglary averred that the "defendant broke and entered a stable," without also averring the stable was a "building." On the objection that it would not be presumed a stable was a "building," but the fact ought to be averred in order to bring the case within the statute in relation to burglary, it was held the objection was not well taken. A "stable," as that word is commonly used, is a "building," and may well be included in the class of structures denominated in the statute as "other buildings."

WRIT OF ERROR to the Circuit Court of DeWitt county; the Hon. LYMAN LACEY, Judge, presiding.

Messrs. MOORE & WARNER, for the plaintiffs in error.

Mr. E. S. VAN METER, State's attorney, and Mr. WILLIAM FULLER, for the People.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

Henry J. Orrell was indicted at the December term, 1879, of the DeWitt circuit court, jointly with Thomas Rea and Henry Russell, for the crime of burglary. The offence consisted in entering and taking from the stable of Sandusky Wilson, in the night time, a set of harness of the value of $26. It appears Russell pleaded guilty, and Orrell and Rea having pleaded not guilty, on trial both of them were convicted, and sentenced to the penitentiary for a term of years. Orrell alone prosecutes this writ of error.

On a careful consideration of the testimony it is apparent the conviction is warranted. There is testimony, if the jury believed it, that shows defendant participated directly in the commission of the crime for which the parties were indicted. Of course it was for the jury to determine what weight should be given to the evidence, and this court will not undertake to

decide they found incorrectly on the conflicting testimony submitted to them. The principal evidence given on behalf of defendant to establish his innocence was that of Russell, his co-defendant, who had previously confessed his guilty participation in the transaction. It is hardly probable the jury paid the slightest attention to the testimony of that witness, and they may have regarded him as the principal criminal of the parties charged, as the evidence tends to show he was. The circumstances in evidence tended strongly to discredit the witness, and may have led the jury to the conclusion his· testimony was unworthy of belief. His credibility, under all the circumstances proven, was a question for the jury.

Testimony was given as to the previous good character of defendant, which, it is insisted, ought to overcome the inculpatory evidence given against him. No doubt the jury gave that testimony all the weight it ought to have, and they may have believed, and very justly, it was more than overcome by the other testimony given that he was most frequently found in company with the acknowledged perpetrator of the crime, both before and after the burglary was committed.

After a careful consideration no serious error is perceived in the instructions given on behalf of the people. It may be that we might not approve the phraseology of every one of them as accurate expressions of the law, but they contain nothing hurtful to defendant. Many of them are based on the theory, which the jury seem to have found was the correct one, that defendant participated directly in the act of committing the burglary, and in. that view the instructions are sufficiently accurate.

A point is made against the indictment, that it is averred "defendant broke and entered a stable," and that it contains no averment it was a "building." It is suggested such an averment is necessary, as a "stable" is not included in the statute in relation to burglary unless it comes under the general classification of "other buildings," and it is said that fact

should not be presumed. A "stable," as that word is commonly used and understood, is the equivalent of "building," and is therefore fairly included in the statute defining burglary in that class of structures denominated "other buildings."

The judgment will be affirmed.

*Judgment affirmed.*