# CASES DETERMINED

## *January Term, 1888.*

---

GUNDY, Plaintiff in error, vs. THE STATE, Defendant in error.

*April 23 — May 12, 1888.*

*Criminal law and pleading: Negative words in definition of crime:
Burglary: Description of building.*

1. An information for burglary under sec. 4409, R. S., need not allege
   that the building entered was "not adjoining or occupied with any
   dwelling-house." *State v. Kane*, 63 Wis. 260, followed.
2. The building entered need not be described otherwise than as "a
   certain building."

ERROR to the Circuit Court for *Richland* County.

The following statement of the case was prepared by Mr.
Justice CASSODAY:

The information, in effect, charges that on April 5, 1887,
and in the night-time of that day, the plaintiff in error, at
Richland county, did with force and arms a certain building
then and there situate, then and there being the property
of and occupied by Jabish Weir, then and there feloniously
and burglariously break and enter, with intent the goods
and chattels of said Weir in the said building then and
there being then and there feloniously and burglariously to
steal, take, and carry away, and then and there, with force

and arms, the several articles and pieces of property therein described, each of the value therein mentioned, of the goods and chattels of the said Weir in the said building then and there being found, then and there feloniously and burglariously did steal, take, and carry away, against the peace and dignity of the state of Wisconsin. Thereupon the said *Gundy* was arraigned in court; and the said information being filed and read to him by the district attorney, he pleaded guilty thereto, and the court thereupon sentenced the said *Gundy* to be punished by imprisonment in the state prison at Waupun for the period of two years,— one day of that time to be in solitary confinement, the remainder thereof to be at hard labor. To reverse such judgment the said *Gundy* has sued out this writ of error.

The cause was submitted for the plaintiff in error on the brief of *Michael Murphy*, and for the defendant in error on that of the *Attorney General* and *L. K. Luse*, Assistant Attorney General.

To the point that an information under sec. 4409, R. S., must show whether the premises adjoined a dwelling or were occupied with one, or it does not allege any crime known to the law, counsel for the plaintiff in error cited *Byrnes v. People*, 37 Mich. 515.

Cassoday, J. It is said that the information is insufficient under sec. 4409, R. S., by reason of the failure to allege that the building mentioned was "not adjoining or occupied with any dwelling-house." The only object there would have been for such allegation would be to confine the charge to the lower grade of burglary described in the section cited, by negativing the existence of a distinguishing feature of a higher grade of the same offense prescribed in the two preceding sections. This court has recently passed directly upon the question, and in effect held that in charging an offense under the section cited it is not in-

cumbent upon the state to allege the negative therein provided and contained in the words "not adjoining or occupied with any dwelling-house." *State v. Kane*, 63 Wis. 261–268. The reasons for such holding are so fully given by Mr. Justice ORTON in that case as to preclude further discussion. The same rule was sanctioned in *Nicholls v. State*, 68 Wis. 420; *Ex parte Vincent*, 26 Ala. 145, 62 Am. Dec. 714. The case cited by the learned counsel for the accused was not for an offense thus graded by statute, and hence is inapplicable.

The allegation of "a certain building," without other words of designation, was sufficient. *Clark v. State*, 69 Wis. 203.

*By the Court.*— The judgment of the circuit court is affirmed.

| 72 | 3 |
|----|-----|
| 74 | 306 |

