STATE OF IOWA V. BERT HANEY, Appellant.

**Indictment: BURGLARY.** An indictment alleging that defendant, with intent to commit an offense, did "break and enter * * * into the *certain planing mill* of one J., * * * in which said mill there was * * * kept for use and deposit by the said J., goods, wares and valuable things," sufficiently shows that defendant broke into a "building" within Code, section 4791, prohibiting one from entering a *building* with such intent, in view of section 5289, subdivision 5, requiring facts constituting an offense to be stated in ordinary language, so that persons of common understanding may understand them.

*Appeal from Pottawattamie District Court.*—HON. W. R. GREEN, Judge.

FRIDAY, DECEMBER 15, 1899.

THE defendant was convicted of breaking and entering a planing mill, and from the judgment, which required that he be imprisoned in the state penitentiary at Ft. Madison, at hard labor, for the term of three years, he appeals. —*Affirmed*

*Stone & Tinley* for appellant.

*Milton Remley,* Attorney General, and *Chas. A. Van Vleck,* Assistant Attorney General, for the State.

ROBINSON, C. J.—The indictment on which the defendant was convicted contains the following: "The grand jury of the county of Pottawattamie, in the name and by the authority of the state of Iowa, accuse Bert Haney of the crime of breaking and entering a planing mill, for that the said Bert Haney on the 5th day of November, A. D. 1898, in the said county of Pottawattamie, and state of Iowa, and in the city of Council Bluffs, did unlawfully, feloniously, and burglariously break and enter the certain planing mill of one J. A. Murphy, situated at the corner of Twenty-first street and First ave., in the city of Council Bluffs, Iowa, and known as the 'Murphy Planing Mill,' in which said mill there was then and there kept for use and deposit by the said J. A. Murphy goods, wares, and valuable things, with the intent upon the part of the said Bert Haney to commit in said mill a public offense, to-wit, the crime of larceny." It is claimed by the defendant that the indictment does not charge an offense under the laws of this state, for the reason that it does not allege that the planing mill was a building. The statute under which the indictment was found is section 4791 of the Code, which contains the following: "If any person, with intent to commit any public offense  *  *  *  at any time break and enter any  *  *  *  building in which any goods, merchandise or valuable things are kept for use, sale or deposit, he shall be imprisoned in the penitentiary not more than ten years, or be fined not exceeding one hundred dollars and be imprisoned in the county jail not more than one year."

The theory of the defendant is that a planing mill is not necessarily a building; that a building must have walls and a roof closely attached and fastened together; that, if this were not so, a breaking would not be necessary to effect an entrance, and that a mill may have

a roof without walls, or walls without a roof, or may be without either; hence, that to charge the breaking and entering of a planing mill does not necessarily charge the breaking and entering a building. It was held in *Com. v. Mahar,* 8 Gray, 469, that an indictment which charged the defendant with the offense of larceny in a "refreshment saloon" was not sufficient for the reason that it did not necessarily imply stealing from a building. In *State v. Livermore,* 44 N. H. 386, it was held that a saw mill is not necessarily a building. Our statute requires that the facts constituting an offense be stated in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended. Code, section 5289, subd. 5. If, from the language used, a person of common understanding would conclude that the planing mill specified in the indictment was a "building," within the meaning of the statute, it would be sufficient. The indictment considered in *Orrell v. People,* 94 Ill. 456, charged that Orrel had committed the crime of burglary by breaking and entering a stable, but did not aver that the stable was a building. The indictment was claimed to be insufficient by reason of the omission, but the court said, "A 'stable,' as that word is commonly used and understood, is the equivalent of 'building,' and is therefore fairly included in the statute defining burglary in that class of structures denominated 'other buildings.'" In *Clark v. State,* 69 Wis. 203 (33 N. W. Rep. 436), the indictment charged the breaking and entering of an "unfinished dwelling house;" and it was said that the offense of burglary was sufficiently charged under a statute which made the breaking and entering of "any other building" than certain ones specified, that offense. Among the definitions of the word "mill" given in Webster's International Dictionary, is the following: "A building or collection of buildings, with machinery by which the processes of manufacturing are carried on; as, a cotton mill, a powder mill, a rolling mill." It is true, the word "mill" is

sometimes applied to machines which cannot be regarded in any sense as buildings, within the meaning of the statute, as the wind mills commonly used for pumping water, which have neither sides nor roof, portable fanning mills used for cleaning grain, and various other machines. The term "saw mill" is applied to portable machines used for sawing, without covering or protection of any kind, as well as to buildings and machinery therein, which constitute the stationary saw mill. Both are so common that the term "saw mill," without more, is not commonly understood to refer to one kind more than to another. This is not true of planing mills. They are, as a rule, stationary, and include structures with walls and roof to protect the machinery, the materials used, and the completed products. Therefore, the term "planing mill," without modification, would usually be understood to include a building and machinery therein used in doing the work of planing mills. That meaning is made more obvious in this case by the averment that in the mill referred to were kept for use and deposit "goods, wares, and valuable things," and that the defendant did "break and enter" the mill. We conclude that the indictment is not vulnerable to the objections made. The evidence shows, beyond controversy, that the planing mill in question was a building, within the meaning of the statute, and was also sufficient to sustain the verdict. We do not find any sufficient reason for reversing the judgment of the district court, and it is AFFIRMED.

GRANGER, J., not sitting.