## THE PEOPLE v. MICHAEL HORRIGAN.

*Criminal law—Larceny—Dwelling-house.*

A building, the upper part of which is used in the day-time as medical and other offices, and at night by *one* occupant, a single man, who sleeps in a furnished room in the basement, which is his only abiding place, is protected by the statute punishing stealing from a dwelling-house in the day-time.

Error to recorder's court of Detroit. (Swift, J.) Argued January 27, 1888. Decided February 2, 1888.

Respondent was convicted of stealing from a dwelling-house in the day-time, and sentenced to nine months' imprisonment. Judgment affirmed. The facts are stated in the opinion.

*James H. Pound,* for respondent.

*George F. Robison,* prosecuting attorney, for the People.

CAMPBELL, J. Respondent was convicted of stealing from a dwelling-house in the day-time. The only question raised is whether the building from which the theft took place was a dwelling.

Mr. Tape, whose money was stolen, had a furnished room in the basement of a building, the upper part of which was, in the day-time, used by him and others as medical and other offices. At night he was the only occupant. He slept in the basement room, and had no other abiding place.

Unless it is impossible for a single man to have a dwelling, we see no reason for holding that this room was not Mr. Tape's dwelling. It was to all intents and purposes his home. It was precisely, in its circumstances, like chambers in the inns of court, which have always been so treated.

The question is not one of technicality. He did not occupy his room as a mere watchman or care-keeper of a large building. His occupancy was separate and entirely for his own uses. It was just such an occupancy as if he had used the whole of a small house, one room for lodging and one for business. The size of the house, which is an ordinary city house, can make no difference, so long as his tenancy is distinct.

We think the conviction was right, and should be affirmed. The other Justices concurred.