THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in
    Error, *vs.* EDWARD CARR, Plaintiff in Error.

*Opinion filed June 21, 1912—Rehearing denied October 3, 1912.*

1. CRIMINAL LAW—*an indictment for burglary need not always
describe premises in language of statute.* In an indictment for
burglary it is not always essential that the premises be described
in the precise words found in section 36 of the Criminal Code,
which defines the offense.

2. SAME—*indictment may allege burglary of certain person's
room in a hotel.* An indictment charging that the accused en-
tered, with burglarious intent, "the certain building, to-wit, the
room of Elizabeth Scharf in the Morrison Hotel there situate," on
its face describes a place which may be burglarized, as a room in
a hotel may, under certain circumstances, be the "dwelling" of the
occupant.

3. SAME—*plea of guilty may be entered though counts charge
different offenses.* The fact that certain counts charge the ac-
cused with burglary and others with receiving stolen property,
(the same property being described in all the counts,) does not pre-
clude the entry of a plea of guilty to both counts, and the court,
under such plea, may find the accused guilty of the offense the
evidence shows he committed. (*Tobin* v. *People,* 104 Ill. 565,
distinguished.)

4. SAME—*punishment fixed by a verdict may be considered in
determining offense of which accused is convicted.* If different
counts charge different crimes and there is a verdict of guilty,
generally, the punishment fixed by the verdict may be considered
in determining the offense of which the accused was convicted.

WRIT OF ERROR to the Criminal Court of Cook county;
the Hon. THEODORE BRENTANO, Judge, presiding.

LOUIS GREENBERG, and MARTIN CONNOR, for plaintiff
in error:

The ownership of the building broken into is a necessary
averment and must be alleged in the indictment. 2 Bishop's
New Crim. Proc. sec. 137; 3 Ency. of Pl. & Pr. 757;
*Simpson* v. *State,* 113 Pac. Rep. 550.

An averment in an indictment that a defendant broke
and entered into a room of a hotel does not charge the of-

fense of burglary under our statute. Hurd's Stat. chap. 38, sec. 36; *Kincaid* v. *People,* 139 Ill. 213; *Thomas* v. *State,* 97 Ala. 4.

A general plea of guilty to an indictment charging receiving stolen property, etc., burglary and larceny, is inconsistent. 1 Bishop's Crim. Proc. 1015a; *Tobin* v. *People,* 104 Ill. 565; *Commonwealth* v. *Haskins,* 128 Mass. 60; *State* v. *Larkin,* 49 N. H. 43.

A plea of guilty is equivalent to a verdict by a jury. Hurd's Stat. chap. 38, sec. 424; 12 Cyc. 355c; Clark's Crim. Proc. 372.

A judgment cannot be entered by a trial court upon a general plea of guilty to an indictment charging separate and distinct felonies which require different punishments.

W. H. STEAD, Attorney General, and JOHN E. W. WAYMAN, State's Attorney, (EDWARD C. HALL, of counsel,) for the People:

The second and third counts of the indictment, charging the defendant "did break and enter the certain building, to-wit, room of Elizabeth Scharf in the Morrison Hotel," allege the place entered to be a dwelling house "or other building," and ownership thereof in Elizabeth Scharf, with sufficient accuracy to sustain the conviction for burglary. *People* v. *Everett,* 242 Ill. 628; *Smith* v. *People,* 115 id. 17; 6 Cyc. 189, 210, 213.

A hotel is universally understood to be a house or building for human habitation and abode. *Bruen* v. *People,* 206 Ill. 417.

Ownership may be properly alleged in such words as "the property of," "the money, goods and chattels of," and the like. The preposition "of" is correctly used as indicating ownership or possession. 6 Cyc. 210.

The test in such case as this is not one of title, but of occupancy or right of possession as against the intruding

burglar. 6 Cyc. 195; *Smith* v. *People,* 115 Ill. 17; *People* v. *Everett,* 242 id. 628; *Flanagan* v. *People,* 214 id. 170.

The allegation is required for the purpose of showing, first, that the house entered was not that of the accused; and second, to identify the offense and thus protect the accused against being twice tried for it. *State* v. *Trapp,* 17 S. C. 467.

Where, as in this case, several distinct felonies arising from the same transaction are charged in as many different counts of the indictment, a general verdict or plea of guilty may be referred to any one of the counts and the conviction sustained. *Lyons* v. *People,* 68 Ill. 271; *Bond* v. *People,* 39 id. 26; *Langford* v. *People,* 134 id. 444; *Love* v. *People,* 160 id. 501.

An indictment of two or more counts will be deemed sufficient to sustain a general verdict or plea of guilty if there be one good count. *Duffin* v. *People,* 107 Ill. 113; *Gallagher* v. *People,* 211 id. 158; *Chambers* v. *People,* 4 Scam. 351; *Hiner* v. *People,* 34 Ill. 297.

In the absence of statute, the court, on a general plea of guilty, has the same power of fixing the punishment that the jury would have under the statute on a verdict after a trial had. *Coates* v. *People,* 72 Ill. 303; 12 Cyc. 772; *People* v. *Morris,* 80 Mich. 634.

In such case as this a conviction under any one of the counts in the indictment, and nothing done in respect of the others, operates as an acquittal of the defendant of offenses charged in such latter counts. *Thomas* v. *People,* 113 Ill. 531; *Stoltz* v. *People,* 4 Scam. 168.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is a writ of error to reverse a judgment of the criminal court of Cook county entered against plaintiff in error upon a plea of guilty and sentencing him to imprisonment in the penitentiary.

At the February term, 1906, of the criminal court of Cook county the grand jury returned an indictment against the plaintiff in error, containing six counts. Two of them charged him with receiving stolen property alleged to be the goods and chattels of Elizabeth Scharf. The other four counts were for burglary, some of them charging the plaintiff in error with forcibly breaking and entering "the certain building, to-wit, room of Elizabeth Scharf in the Morrison Hotel there situate, with intent the personal goods, chattels, money and property of the said Elizabeth Scharf in the said certain building, to-wit, room in the Morrison Hotel then and there being, then and there feloniously and burglariously to steal, take and carry away." Three counts alleged he entered said room and building without force, feloniously and burglariously to take, steal and carry away the property of Elizabeth Scharf. Each of the counts alleged plaintiff in error stole, took and carried away from said room in the Morrison Hotel one coat of the value of $90, one umbrella of the value of $8 and one bracelet of the value of $8, the property of said Elizabeth Scharf. One count of the indictment is under the Habitual Criminal act, and sets out the previous indictment, conviction and sentence of plaintiff in error for the crime of burglary.

Upon being arraigned plaintiff in error pleaded not guilty. Subsequently, by leave of court, he withdrew his plea of not guilty, and, as shown by the record, entered a plea of guilty in manner and form as charged in the indictment. The record shows he was fully advised by the court of the effect of his plea of guilty, and, still persisting therein, the court accepted and entered the plea of record. The court heard evidence before rendering judgment on the plea but the testimony is not preserved in the record. By the judgment entered upon the plea of guilty plaintiff in error was "sentenced to the penitentiary of this State at Joliet for the crime of burglary, etc., whereof he stands

convicted," there to be confined until discharged by the State Board of Pardons in the manner authorized by law, "provided such term of imprisonment in said penitentiary shall not exceed the maximum term for the crime for which said defendant was convicted and sentenced."

The first point made by plaintiff in error is, that the indictment does not charge the crime of burglary because it contains no description of any building or premises enumerated in section 36 of the Criminal Code. It is insisted the "room of Elizabeth Scharf in the Morrison Hotel" is not within any class of premises enumerated in the statute, the entering of which with the intent to commit larceny constitutes the crime of burglary.

Section 36 of the Criminal Code reads: "Whoever willfully and maliciously and forcibly breaks and enters, or willfully and maliciously, without force (the doors or \ indows being open,) enters into any dwelling house, kitch :n, office, shop, store house, ware house, malt house, st: l-ing house, mill, pottery, factory, wharfboat, steamboat, or other water craft, freight or passenger railroad car, church, meeting house, school house, or other building, with intent to commit murder, robbery, rape, mayhem, or other felony or larceny, shall be deemed guilty of burglary, and be imprisoned in the penitentiary for a term not less than one year nor more than twenty years."

The indictment charges plaintiff in error with burglariously entering "the certain building, to-wit, room of Elizabeth Scharf in the Morrison Hotel there situate," etc. The charge is not that he entered with burglarious intent the Morrison Hotel, but that he entered the certain building, to-wit, room of Elizabeth Scharf situate in said hotel, and it is insisted that as there is no mention of a room in a hotel in the statute the indictment does not charge the crime of burglary. It is argued that to sustain the indictment it must be held that a room in a hotel is a "dwelling house" or "other building;" that these are the only premises men-

tioned in the statute which could by any possibility be claimed to embrace a room in a hotel, and that they clearly do not embrace any such description of premises. It is the usual and safe practice in such cases to use the words of the statute in describing the premises, but it has been held a description of premises plainly included in the statutory designation is sufficient. Where the statute used the word "barn," an indictment describing the premises as a tobacco house was held good. (*Ray* v. *Commonwealth*, 12 Bush, [Ky.] 397.) In *Orrell* v. *People*, 94 Ill. 456, the indictment charged the defendant broke and entered a stable. There is no such designation of premises in the statute and it was contended the indictment was bad. The court held a stable was included in the designation "other building." In *Bruen* v. *People*, 206 Ill. 417, the indictment charged defendant with entering a hotel, and it was contended the State did not prove the hotel was a building. The court said it had no doubt the hotel was a building within the meaning of the words "other building" used in the statute. Other cases similar to the one last referred to might be cited from this and other courts, and while it may be said they are not entirely in point, they are to the effect that it is not always essential to describe the premises in the precise language of the statute.

Burglary, at common law, was an offense against the habitation of man, and it was early decided in England (and the decisions were followed in this country) that where the offense was committed against the chamber of a guest at an inn, the indictment should allege the inn was the dwelling house of the inn-keeper and not of the guest. The reason given in support of the rule was that the guest had no interest in the room but occupied it only temporarily, and it could not therefore be considered his habitation or dwelling house. It is well known that in these days many people reside in hotels, where they have rooms which they occupy permanently, and it has been held that

one holding a room in a hotel under lease for a definite period of time and making it his home is correctly laid as owner of the room. (*State* v. *Johnson*, 4 Wash. 593.) Subsequently the same court held in *State* v. *Burton*, 67 Pac. Rep. 1097, that an information charging burglary of certain rooms in a hotel, describing them as the dwelling house of the occupant, was sufficient without alleging the leasing of the rooms by the occupant for a definite period.

Plaintiff in error cites with some confidence *Thomas* v. *State*, 97 Ala. 4. In that case the indictment charged that the defendant broke and entered a sample room in a hotel named. The room was not alleged to be the room of any person, and the name by which it was described precludes any inference that it was the habitation or dwelling house of any one. The indictment was held defective in the statement of the crime, but in the course of the opinion the court said a hotel might or might not be a dwelling house, according to the facts as to its occupancy and habitation, and that each separate room in a hotel might be a dwelling house within the provisions of the statute. In *Ullman* v. *State*, 1 Tex. App. 220, the precise question was not before the court, but it recognized the correctness of this rule by the use of this language: "Still, in burglary, the separate room of a guest at a hotel has been deemed to be his dwelling house."

The indictment before us alleged the room in the Morrison Hotel entered by plaintiff in error was the room of Elizabeth Scharf. If she dwelt therein, as the language infers, it was her dwelling house, and entering it as charged in the indictment, and as plaintiff in error admitted he did, would constitute burglary. The possibility that she might not have occupied the room in such manner as to make it her dwelling house was a question for proof but did not render the indictment bad on its face.

It is insisted that the plea of guilty in this case will not support the judgment entered thereon. The indictment

255 — 14

charged plaintiff in error, in separate counts, with burglary and with receiving stolen property knowing it to have been so obtained. It is contended that both offenses grew out of a single transaction; that they are separate and distinct offenses and are inconsistent, and that a person could not be guilty of burglary and of receiving the property obtained in the same transaction. There is nothing in the record to show that both of the offenses here charged grew out of a single transaction, unless it be from the fact that the description of the property in the different counts is the same. Accepting it as true, however, that there was but a single transaction, and conceding that plaintiff in error could not be guilty of both crimes, it does not necessarily follow that judgment could not be entered on a plea of guilty to both.

In support of the above contention plaintiff in error cites and relies on *Tobin* v. *People,* 104 Ill. 565. In that case an indictment consisting of three counts, charging, respectively, robbery, larceny and receiving stolen property, was found against James Tobin, Allen Cummings and Frank Williams. There was a plea of not guilty and trial by jury. The jury returned the following verdict: "We, the jury, find the defendants James Tobin and Frank Williams guilty in manner and form as charged in the indictment and fix their terms of imprisonment at four years each in the penitentiary of this State." Tobin was sentenced in accordance with the verdict and he thereupon sued out a writ of error to reverse the judgment. This court held that it was inconsistent to hold that where there was a single transaction involved, as the proof there showed, the same person could have been guilty of both the offenses of robbery and of having received goods obtained by the robbery, knowing them to have been so obtained. The court further said that the three offenses charged in the indictment are not comprised in robbery; that larceny might be embraced in it, but receiving property obtained by robbery is a separate and distinct offense; that Tobin

could not have been guilty of both of those offenses, and as the proof rendered it uncertain which of the offenses charged in the indictment the jury found him guilty of, the judgment was reversed.

Since plaintiff in error in this case could not be guilty of both offenses charged in this indictment but has pleaded guilty to both, of which offense was he guilty and for which was he sentenced? After the entry of the plea the court heard the testimony of witnesses and sentenced plaintiff in error to imprisonment in the penitentiary "for the crime of burglary, etc., whereof he stands convicted," until discharged by the State Board of Pardons, "provided such term of imprisonment in said penitentiary shall not exceed the maximum term for the crime for which said defendant was convicted and sentenced." In *Lyons* v. *People*, 68 Ill. 271, the first count of the indictment charged defendants with burglary and the second count charged petit larceny. The jury returned a verdict finding defendants "guilty in manner and form as charged in the indictment" and fixed the punishment at one year in the penitentiary. It was contended that the verdict would not support the judgment, as the punishment for the two offenses was different and it was uncertain of which offense the jury intended to find them guilty. The court said: "The logical effect of the verdict is that the defendants are guilty as charged in each count, but as the punishment imposed is only that prescribed by law for the offense charged in the first count, it is reasonably certain that the jury intended by their verdict to find the defendants guilty and punish them for the offense charged in that count, alone." In *Love* v. *People*, 160 Ill. 501, the indictment contained three counts, each count charging burglary and larceny. A verdict was returned finding the defendant guilty and fixing his punishment at one year in the penitentiary. The court held the conviction was for burglary, and not obnoxious to the error assigned that it failed to specify the

offense for which he was convicted. In those cases the different counts of the indictment did not charge offenses that were inconsistent, but they establish the rule that upon a verdict of guilty, generally, the punishment fixed by the verdict may be considered in determining the offense of which the defendants were convicted.

Upon a plea of guilty it is the duty of the court to fix the punishment. After hearing the testimony of the witnesses the court sentenced plaintiff in error to imprisonment in the penitentiary for the crime of burglary. By his plea plaintiff in error admitted his guilt of both crimes charged, but he was sentenced for only one of them. The sentence specifies the crime for which he was sentenced, and if we may look to the judgment of the court and the punishment fixed, as was done in the *Lyons* and *Love cases,* we do not find any uncertainty. If plaintiff in error had denied his guilt and upon trial had been found guilty, generally, and sentenced upon the verdict for both crimes, the *Tobin case* would be in point. But Tobin denied his guilt of any of the crimes charged in the indictment. He could not have been guilty of all three of them, and it was uncertain from the general verdict which of them the jury intended to find him guilty of. In the case before us plaintiff in error by his plea confessed his guilt of both offenses. The court heard evidence before pronouncing sentence and judgment. The evidence is not preserved in the record and the presumption is that it sustained the judgment. It would be strange, indeed, if the law were that where a defendant is charged with two offenses in different counts of the indictment and pleads guilty to both, the court could not hear evidence and sentence him for the crime of which the proof showed him to be guilty.

In our opinion no rule of law was violated and plaintiff in error was denied no legal right to which he was entitled by the judgment and sentence in this case. The judgment is therefore affirmed.                    *Judgment affirmed.*