**STATE of Missouri, Respondent,**

v.

**James JONES, also known as James Jones, Jr., Appellant.**

**No. 49160.**

Supreme Court of Missouri,

Division No. 2.

Feb. 11, 1963.

Opinion Modified and Motion for Rehearing or to Transfer to Court En Banc Denied March 11, 1963.

———◆———

Joseph Langworthy, Pacific, for appellant.

Thomas F. Eagleton, Atty. Gen., Charles H. Sloan, Special Asst. Atty. Gen., Jefferson City, for respondent.

STOCKARD, Commissioner.

A jury convicted James Jones of second degree burglary and stealing, and the trial court, after finding that defendant had previously been convicted of prior felonies as charged under the habitual criminal act, sentenced him to a term of seven years for burglary and to a term of five years for stealing, the terms to run concurrently. Defendant has appealed from the ensuing judgment.

From the evidence the jury reasonably could find the following facts and circumstances. The Glenwood Sanitarium maintained on its grounds a barracks or dormitory-type building, known as South Building, as living quarters for its employees. There was a common entrance to the building, and on the second floor there were twelve rooms with a hallway down the middle of the building. Andrew Cloudy, an employee of the Sanitarium, lived on the second floor in Room 212. There was but one door leading into the room which was equipped with a metal hasp and a lock. On the evening of March 20, 1961 Mr. Cloudy locked the door to his room and reported for work. When he returned later the pins in the hinges on the door had been removed, the door opened from the hinge side, and a Motorola "hi-fi" stereo record player, a clock-radio and a number of phonograph records had been taken from the room without his permission. On the evening of April 6, Sergeant Piffel of the Webster Groves Police picked up defendant at the Twelfth District Police Station in St. Louis and took him to the Webster Groves Police Station where he was questioned. Defendant signed a written statement which in its material parts was as follows: "[A]bout 6:00 p. m. March 20th, 1961 me and my brother Lewis Jones and Richard Johnson, drove out to Webster Groves in Johnson's car. Johnson was driving. Lewis directed us to the hospital on Grant Road. When we got there we walked in a building where the hospital help live. Then Lewis and me broke into an apartment by taking a door off of the hinges. Then we all three went into this apartment, and we stole a radio, and a brown and white hi-fi. We put this stolen property in Richard Johnson's car and we all three went back to St. Louis. The next day we sold the hi-fi to a man on Division Street in St. Louis for thirty dollars. We each got ten dollars of the money. Richard Johnson kept the stolen radio."

The information charged that the defendant forcibly did break and enter with felonious intent "into a certain dwelling house and building of one Andrew Cloudy, then and there being Room 212 of the South Building of Glenwood Sanatarium." During the opening statement, by reason of an objection by defendant and after a two-hour conference the prosecuting attorney requested and received permission to amend the information by deleting therefrom the above quoted words, and four others not material to any question on this appeal, and to substitute in lieu thereof certain words so that the information as amended charged that the defendant forcibly broke and entered with felonious intent, "into an inner door of the South Building of Glenwood Sanatarium, being the door to Room 212 of the said building, which room was the

dwelling house of one Andrew Cloudy III, * * *." For the reasons subsequently set out this amendment to the information was unnecessary, but since it was made we must consider the contentions of defendant that prejudicial error resulted. Defendant first contends that since the amended information charges that he broke an "inner door" it was defective in that it did not allege facts necessary to charge a violation of Section 560.055 or of Section 560.060. (All statutory references are to RSMo 1959, V.A.M.S.). This requires a review of the provisions of several statutes pertaining to burglary.

Section 560.045 provides that every person who is convicted of breaking and entering into a dwelling house, with intent to commit a felony or to steal, but under such circumstances as not to constitute the offense of burglary in the first degree, shall be deemed guilty of burglary in the second degree. Section 560.085 provides that "the breaking of the inner door" of any dwelling house "by any person being therein, shall not be deemed such breaking a dwelling house as to constitute burglary in any case other than such as are herein particularly specified." The only cases particularly specified are those in Section 560.055, pertaining to one "who, having entered the dwelling house of another through an open outer door or window or other aperture not made by such person, breaks an inner door of the same house," and in Section 560.060, pertaining to one "who, being admitted into any dwelling house, with the consent of the occupant thereof, or who, being lawfully in such house, breaks an inner door * * *." It is admitted by the state that the amended information does not purport to charge a violation of either Section 560.055 or Section 560.060. The determinative question is whether by alleging in the information that the defendant broke and entered an "inner door of the South Building" no violation of Section 560.045 could be charged by reason of the restrictive provisions of Section 560.085.

■ The term "dwelling house" is not defined by the statutes. At common law it included any place with some degree of permanency in which one or more persons resided, and it included "any room or unit in which a person actually dwells, such as a room in a large house, a room in a hotel * * *." Vol. II Wharton's Criminal Law and Procedure, Anderson, § 423. Whether or not one room of a building regularly occupied by a person constitutes a dwelling house under those burglary statutes which use the term in the common law meaning depends upon the use to which the room is put; that is, whether it is used as the place in which a person maintains his place of abode, whether it is only a part of a larger building constituting his place of abode, or whether it is a mere temporary stopping or resting place as a hotel room used by transient guests. Applying this test it has been uniformly held that one room of a larger building, when in fact used as the place of abode or living quarters of an individual, may constitute a dwelling house. Thomas v. State, 97 Ala. 3, 12 So. 409; People v. Carr, 255 Ill. 203, 99 N.E. 357, 41 L.R.A., N.S., 1209, Ann.Cas.1913D, 864; State v. Johnson, 4 Wash. 593, 30 P. 672; People v. Horrigan, 68 Mich. 491, 36 N.W. 236. See also State v. Smith, 14 Mo.App. 585, where in a "Statement of points decided in cases not reported" it was said that "A room in which a person sleeps and lives is a dwelling house within the meaning of the statute [pertaining to larceny in a dwelling house], though it is in a building other rooms in which are devoted to business purposes." The evidence in this case, while not as clear as it should or easily could have been, established that Room 212 in South Building was the dwelling house of Andrew Cloudy.

■■ Sections 560.055 and 560.060 are specifically limited to those situations where a person has entered a dwelling house and then breaks an inner door therein. They do not apply to the situation we have here where there is a breaking of an inner door

of a larger building which constitutes the outer door of a room or unit therein which in fact is a dwelling house. Therefore, even though the amended information alleged a breaking of the inner door of South Building, it also alleged that this was the door to the dwelling house of Andrew Cloudy. It properly charged defendant with an offense under Section 560.-045, and our previous statement of the facts clearly demonstrates that a submissible case was made as to burglary in the second degree and stealing.

There also is no merit to defendant's contention that by making the amendment the offense charged or which was attempted to be charged was changed. Defendant admits that before the amendment the information "charged violations of Section 560.-045 and stealing." He asserts that by the amendment the state "purported to change the burglary charge to either burglary involving breaking [an] inner door under Section 560.055 or burglary, after being admitted with consent of occupant, under Section 560.060, and stealing." We have held that before and after the amendment the information purported to and did charge a violation of Section 560.045.

■ Defendant next asserts that the procedure by which the amendment was made "rendered the information as a whole with the various amendments confusing and not readily understandable." He does not set forth any reason why this is so but asserts only the conclusion that it was. He admits that he has no authority to support a contention that the procedure followed was erroneous. It seems that his real complaint is that a copy of the new information should have been typed and furnished to him instead of furnishing him only a typed statement wherein it was provided that certain words, which were identified and quoted, were deleted from the information, and that certain words, also quoted, were substituted in lieu thereof. Defendant had a copy of the information, he was furnished a copy of the amend-

ment, and he was afforded ample time and opportunity, in fact all that he requested, to examine the amendment and the information as amended. This contention is totally without merit.

■ Defendant also asserts that the information as amended was not verified as required by Supreme Court Rule 24.16, V.A.M.R., which is the same in substance as Section 545.240. In State v. Taylor, 362 Mo. 676, 243 S.W.2d 301, this court held that the requirements of the statute that an information be verified may be waived, and that "the unsigned and unverified information will be treated as valid if the accused does not attack it by a motion to quash." Appellant admits he made no objection to or motion to quash the amended information for the reason it was not verified. This contention of error is without merit.

■ We have disposed of the first six points and the sixteenth point in defendant's brief. The remaining points and subpoints total forty-eight in number, some of which are insufficient to present any issue for appellate review, and some of which are so totally without merit that to state them demonstrates their unsubstantiality. For example, two of the twelve subpoints concerning Instruction No. 11 are that it was error to instruct the jury that it could reject testimony of a witness if the jury believed that he had "knowingly sworn falsely to any fact or facts material to the issues," when, according to defendant, the instruction should have read "intentionally sworn falsely to any material fact in issue," or to "any material fact or facts." Every person who has been found guilty of a crime is entitled to appeal and have all contentions of error which are properly preserved for appellate review to be considered and ruled. We have done this in this case, but we decline to burden this opinion and the published reports by the discussion of numerous points totally lacking of merit. In the remainder of this opinion we shall set forth and rule

on those contentions of error made by defendant which warrant a published ruling. Those contentions of error which are adequately preserved to present the issue for review and which are not set forth and specifically ruled herein have been thoroughly reviewed and found to be without merit and are overruled.

Defendant challenges Instructions No. 1 and No. 2 for a total of nineteen separately enumerated reasons. Instruction No. 1 pertained only to burglary in the second degree. It submitted that if the jury found that defendant "did feloniously, burglariously, and forcibly break and enter" Room 212 which was the dwelling house of Andrew Cloudy, "with the felonious intent then and there to steal therein * * * you will find the defendant guilty of burglary in the second degree * * *." Instruction No. 3 pertained only to stealing property over the value of $50 and is not challenged on this appeal. Instruction No. 2 purported to submit facts authorizing a finding by the jury that the defendant was guilty of "burglary in the second degree and stealing." We shall comment on its language subsequently.

■ Defendant asserts that Instruction No. 1 assumes that Room 212 was the dwelling house of Andrew Cloudy. Assuming this to be a question of fact for the jury as distinguished from a question of law, the first words of the instruction are: "If upon consideration of all the facts and circumstances in the case, and in the light of the Court's instructions, you find and believe from the evidence, beyond a reasonable doubt, that * * *." Following this the instruction hypothesized that defendant did "forcibly break and enter into * * * the door to Room 212 of the said building, which room was the dwelling house of one Andrew Cloudy * * * with the felonious intent * * *." Near the end of the instruction it was stated, "and unless you so find all the facts to be you will acquit the defendant * * *." In this manner, and sufficiently so, the jury

was required to find that Room 212 was the dwelling house of Andrew Cloudy. This contention is without merit.

■ Defendant asserts the instruction is "confusing and erroneous in unnecessarily including the term 'feloniously' and in misdefining it as meaning 'wickedly' and 'unlawfully' " in violation of Section 556.020 where the term "felony" is defined to mean an offense punishable by death or by imprisonment in the penitentiary. The noun "felony" and the adverb "feloniously" are not the same word and the cited statute does not govern or restrict the meaning of "feloniously." Defendant argues that this "unnecessary, tautological, and anachronistic misuse of the word 'feloniously' should be ended once and for all." It is interesting to note that in State v. Tipton, 307 Mo. 500, 271 S.W. 55, and in other cases cited therein, the complaint there was that an instruction was erroneous because it did not require the jury to find that the act was done "feloniously." It was not necessary in this case that the instruction use the word "feloniously," State v. Rader, 262 Mo. 117, 171 S.W. 46, but it was necessary that it require a finding that the breaking and entering was unlawful, that is, with a felonious intent, and in State v. Turner, Mo., 272 S.W.2d 266, 48 A.L.R.2d 1008, a second degree burglary case, this court held that the same definitions of the term feloniously as used in this case "are so time-honored as to require no further consideration" of the claim that they were erroneous and prejudicial. The instruction, when considered with the definition of feloniously, required the jury to find that defendant "wickedly and against the admonition of the law, that is, unlawfully" did "break and enter" with the wicked and unlawful intent to steal therein. The error, if any, was that the instruction required the jury to find more than necessary, and defendant cannot complain as to that.

■ Defendant also asserts that "a definition of stealing was necessary to this instruction." As previously noted, this in-

struction pertained to burglary in the second degree by breaking and entering a dwelling house with the intent to steal therein. Instruction No. 3 pertained to the offense of stealing, of which the defendant was also charged, and as to which no complaint is made. Stealing was not therein defined, but it was defined in the language of the statute in Instruction No. 2, which pertained to burglary in the second degree and stealing. We subsequently rule that the definition there was proper and sufficient. In addition, it has repeatedly been held that a verdict directing instruction, which is not erroneous for some other reason, meets the minimum requirements when in words and effect it follows the language of the statute, which is true as to Instruction No. 1. State v. Grant, Mo., 275 S.W.2d 332; State v. Booker, 365 Mo. 75, 276 S.W.2d 104; State v. Brinkley, 354 Mo. 1051, 193 S.W.2d 49.

■ Defendant challenges Instruction No. 2, which submitted burglary in the second degree and stealing, on the basis that it amounts to a comment on the evidence in stating "the defendant stole one Motorola Hi-Fi Stereo record player, of the value of $114.74; one Admiral clock radio, of the value of $12.95, and twenty-three phonograph records of an undetermined value, as mentioned in the evidence," and also because the value of the items is not supported by the evidence. We first note that this instruction purports to submit stealing from a dwelling house which is a felony "regardless of the value of the stolen property," Section 560.161 and the submission in the instruction of the value was immaterial and constituted surplusage. However, this does not result in the instruction being erroneous, and the value set forth was precisely that placed on the items by Andrew Cloudy. The requirement that the jury find that defendant stole the enumerated items and that they had a certain value did not constitute a prejudicial comment on the evidence. If the surplus language had any effect whatever it amounted to the assumption of an unnecessary burden by the state to which defendant cannot complain.

■ Instruction No. 2 contained a definition of the term "stealing," in the precise language of Section 560.156(2). Defendant contends that there was no evidence of "using" or "concealing" the property alleged to be stolen, and that by the use of these words in the definition of "stealing" the jury was thus invited "to a loose and faulty reading and interpretation of it [Instruction No. 2] and other instructions." We need only rule that the evidence authorized a finding that defendant, with others, stole the property and then sold part and kept part with the intention of depriving the rightful owner of it, and that those acts constituted a "using" and "concealing" thereof.

We come now to the only contention of error which appears to have some merit. Instruction No. 2 hypothesized that if the jury found that defendant "forcibly, burglariously and feloniously broke and entered * * * the dwelling house of Andrew Cloudy, III, *as identified to you in the preceding instruction*, and after breaking into and entering said dwelling * * * the defendant stole * * *." (Italics added). Defendant asserts that this instruction authorized a finding of guilt of burglary in the second degree but "does not require a finding of all the elements of burglary and in particular does not require a finding that the breaking and entering was made with intent to commit a felony or to steal." Notwithstanding the fact that this contention was precisely set forth in the motion for new trial, and also in defendant's brief, no mention whatever of this assignment of error appears in the brief filed on behalf of the state.

Instruction No. 2 follows the form which has long been used when both burglary and stealing is submitted, see State v. Speritus, 191 Mo. 24, 90 S.W. 459, except that in lieu of the words above italicized the usual instruction contains the

words "as defined and explained in the preceding instruction." In the "preceding instruction," in this case Instruction No. 1, the jury was specifically required to find that the breaking and entering was done "with the felonious intent then and there to steal therein." The determinative question is whether by substituting the words "as identified" for the words "as defined and explained" a reasonably intelligent jury might conclude that the instruction authorized a finding that the defendant was guilty of burglary in the second degree even though at the time of said act he had no intention to steal. (In the information he was charged with a breaking and entry with an intent to steal; not to "commit a felony or to steal" as provided in Section 560.045.) We are convinced that it did not for three reasons, each sufficient alone and all sufficient cumulatively.

■ The first contention of defendant concerning Instruction No. 2 is that it "in effect incorporates Instruction Number 1." When we accept this contention of appellant, and he certainly cannot complain of our doing so, the specific requirement of Instruction No. 1 that the jury find that defendant broke and entered "with the felonious intent then and there to steal therein" is incorporated into and became a part of Instruction No. 2. Next, Instruction No. 2 expressly required the jury to find that defendant "burglariously and feloniously broke and entered." The word "burglariously" means with the intent to commit a felony or to steal. See State v. Gentry, 329 Mo. 282, 44 S.W.2d 27. Here the only evidence was of the intent to steal, but again defendant cannot complain if the state assumed a greater burden than necessary. Third, the phrase "as identified" means the same or substantially the same as the phrase "as defined and explained." There is no question but that the latter phrase would have been better than the one used, and it is difficult to justify the use of the less descriptive phrase in lieu of the time-honored and uniformly accepted phrase. However, the test is whether the instruction constituted a misdirection; not whether it was worded in the best possible language. We conclude that the instruction was not a misdirection, and that no reasonably intelligent jury could have been misled to believe that while an intent on the part of defendant to steal at the time of the breaking and entering was required under Instruction No. 1, before he could be found guilty of burglary in the second degree, no such intent was necessary in order to find the defendant guilty of burglary in the second degree under Instruction No. 2.

■ Defendant challenges Instruction No. 9 which pertains to the voluntariness of defendant's confession. He also assigns error in the trial court's refusal to give two requested instructions on the same subject. It was not error to refuse the two requested instructions if Instruction No. 9 was correct and we hold that it was. Instruction No. 9 was substantially in the same words as the instruction set out and approved in State v. Cunningkin, Mo., 261 S.W.2d 85. The substance of defendant's challenges is that the instruction did not inform the jury (a) that "before any confession or statement can be received in a criminal case, it must be voluntarily made by the accused," (b) that the burden of proof was upon the state to prove that any admission or confession by the defendant was voluntarily made, (c) and that "the production before them of testimony and an exhibit, purporting to be admissions and confessions of the defendant, did not constitute the introduction of such matter into evidence." We rule these contentions as follows: (a) The instruction recited that the statement was admissible "if you [the jury] find it was voluntarily given," and it then defined what was meant by the term "voluntarily." (b) The general burden of proof instruction, when read with this and the other instructions, correctly set forth the law on that subject. (c) The trial court need not assume that the jury is totally without reason or common sense and instruct on every possible avenue

on which a juror might go astray in the deliberations. In addition, there was no exhibit produced before the jury purporting to be a statement or confession of defendant which was not admitted into evidence. Defendant asserts that Instruction No. 9 "goes further" than the one condemned in State v. Cross, Mo., 357 S.W.2d 125, 127; that it is "more prejudicial" than the one disapproved by the court in State v. Johnson, 333 Mo. 1008, 63 S.W.2d 1000; and that "milder instructions" on the same point have been disapproved in State v. Enyard, Mo., 108 S.W.2d 337 and State v. Hudspeth, 150 Mo. 12, 51 S.W. 483. We have read carefully these cases, and it is sufficient to say that they do not support the above general statements of defendant.

■ Defendant next challenges Instruction No. 11, a typical and historically approved "Falsus in uno, falsus in omnibus" instruction, and in his point submits twelve subpoints, or perhaps a better characterization would be twelve arguments. The first paragraph of the instruction advised the jury that they were the "sole judges of the credibility of the witnesses and of the weight to be given their testimony," and it then set forth in the usual manner the factors the jury is entitled to consider in determining the credibility of a witness and the weight of his testimony, including among other things, "his or her interest, if any, in the result of the trial." All the objections but one refer to the last paragraph of the instruction which is as follows: "In this connection you are further instructed that if you believe that any witness has knowingly sworn falsely to any fact or facts material to the issues in this case, then you must reject such portion of the testimony as you believe to be false, if any, and you are at liberty to reject all other portions of such witness' testimony." Defendant says this portion of the instruction is erroneous because (a) it conflicts with other instructions which requires the jury to find the facts from all the evidence, (b) it is "subject to the interpretation that the jury might reject all testimony of a witness who has sworn falsely to a single fact, without regard to whether it was material," (c) it does not define "any fact or facts material to the issues in this case," and (d) that the reference to "his interest, if any, in the result of the trial" could apply only to him.

For a discussion of the history of such an instruction, see State v. Barnes, Mo., 204 S.W. 264. We rule defendant's assertions of error as follows: (a) The instruction does not conflict with other instructions to the effect that the jury should find the facts from all the evidence, but it is to be read with those instructions. In any event, the defendant is not entitled to an instruction that the jury may or should determine the facts from evidence it believes to be false, which is the effect of this contention. (b) The instruction clearly and expressly limits the scope of the instruction to "any fact or facts *material* to the issues," and (c) in State v. Thomas, 353 Mo. 345, 182 S.W.2d 534, 540, it was stated that the term "material facts" is so commonly understood "that an attempt to define it would confuse rather than enlighten." This is true of the phrase used in Instruction No. 11 which has the identical meaning. (d) Defendant's girl friend, who could have had an interest in the result of the trial, testified in support of defendant's defense of alibi, and she testified to numerous inconsistent statements. Therefore, the reference in the instruction to interest in the result of the trial did not refer alone to defendant but he is not entitled to complain if it did. He voluntarily took the stand and testified, and the jury was called upon to determine his credibility and the weight to be given his testimony the same as any other witness.

Upon an examination of the record in this case, including all the contentions of defendant not herein set forth and expressly discussed, we find no error prejudicial to the defendant. The judgment is affirmed.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.