Anthony SPICUZZA, Movant/Appellant,

v.

STATE of Missouri,
Respondent/Respondent.

No. 61234.

Missouri Court of Appeals,
Eastern District,
Division One.

July 28, 1992.

Elizabeth Haines, Asst. Public Defender, St. Louis, for movant/appellant.

William L. Webster, Atty. Gen., Robin H. Grissom, Asst. Atty. Gen., Jefferson City, for respondent/respondent.

PER CURIAM.

Movant was convicted by a jury of three counts of felony stealing by deceit, one count of misdemeanor stealing by deceit and two counts of forgery for which he received five concurrent terms of fifteen years and one concurrent term of one year. Movant appeals from the denial of his *pro se* Rule 29.15 motion without an evidentiary hearing. We remand the cause to the motion court.

Movant's sole point on appeal is:

[t]he motion court clearly erred by denying [movant's] Rule 29.15 postconviction motion without an evidentiary hearing because the motion court failed to make an inquiry *sua sponte* as to why no amended motion was filed on behalf of [movant] or to appoint counsel to represent [movant] where the record did not reflect counsel's determination that an amended motion was not warranted to comply with the specific requirements of Rule 29.15[.]

The State's response in its brief is that "[t]his case should be remanded to the motion court for a determination pursuant to *Luleff*, to discover the reason for post-conviction counsel's failure to file an amended Rule 29.15 motion."

Movant filed a *pro se* Rule 29.15 motion which was dismissed as untimely by the motion court. On appeal, we found the motion was timely and remanded it to determine whether it alleged facts which warranted a hearing. *See, State v. Spicuzza,* 806 S.W.2d 719 (Mo.App.1991). The motion court then issued an order denying the motion without an evidentiary hearing because it "failed to allege facts which, if true, would entitle him to relief." [1] No determination by movant's post-conviction counsel that an amended motion was unwarranted appears in the record. Neither is there any indication that the motion court made an inquiry, *sua sponte*, regarding the performance of movant's post-conviction counsel.

Rule 29.15(e) provides that a movant's appointed counsel:

shall ascertain whether sufficient facts supporting the grounds are asserted in the motion and whether the movant has included all grounds known to him as a basis for attacking the judgment and sentence. If the motion does not assert sufficient facts or include all grounds known to the movant, counsel shall file

---

1. The order referred to an "amended motion," but there is no indication elsewhere in the

record that an amended motion was filed.

an amended motion that sufficiently alleges the additional facts and grounds.

This case is controlled by the Missouri Supreme Court case of *Luleff v. State*, 807 S.W.2d 495 (Mo. banc 1991). There, the Court said:

> A record that does not indicate whether appointed counsel made the determinations required by Rule 29.15(e) creates a presumption that counsel failed to comply with the rule. Where counsel determines that filing an amended motion is not warranted, counsel should make that determination a part of the record. At such time as the motion court may proceed to rule a postconviction motion and there is no record of any activity by counsel on movant's behalf, the motion court shall make inquiry, *sua sponte*, regarding the performances of both movant and counsel.

*Id.* at 498.[2]

The record here reveals no amended motion being filed by movant's counsel and no inquiry was made by the motion court into the actions of counsel. Therefore, we must remand this cause to the motion court for a determination of whether appointed counsel acted to ascertain whether sufficient facts are asserted in the *pro se* motion and whether the movant included all grounds known to him. If the court finds that appointed counsel has not performed as required by Rule 29.15(e), and the lack of performance is not the result of movant's action or inaction, the court shall appoint new counsel allowing time, if necessary, to amend the *pro se* motion as permitted under Rule 29.15(f), and the cause shall proceed anew according to the provisions of the rule.

---

**2.** Our opinion in *State v. Spicuzza, supra,* was handed down on February 21, 1991. The Missouri Supreme Court's opinion in *Luleff* was handed down on April 9, 1991, thus shortly before the trial court's ruling in this case.