■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL ANGEL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lipp, J.), rendered June 5, 1990, convicting him of burglary in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's sole contention is that because the house he entered was under construction it was not a "building" within the meaning of Penal Law § 140.00 (2) and § 140.20. He therefore asserts that the People's proof was legally insufficient to support the conviction. This claim was not advanced before the trial court and thus is unpreserved for appellate review *(see, People v Colavito,* 70 NY2d 996; *People v Gomez,* 67 NY2d 843; *People v Udzinski,* 146 AD2d 245). We note, however, that the building needed only windows, the skylight taken by the defendant, and certain interior work before it was ready for occupancy. This clearly was sufficient to satisfy the statutory definition of "building" *(see,* Penal Law § 140.00 [2]; Donnino, Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law art 140, at 6-7; *cf., People v Fennell,* 122 AD2d 69; *cf., McGary v People,* 45 NY 153). Upon the exercise of our factual review power we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]). Bracken, J. P., Sullivan, Balletta and Copertino, JJ., concur.