(208 P.3d 325)
No. 100,943

STATE OF KANSAS, *Appellee*, v. TYLER DAVID HOLM, *Appellant*.

Opinion filed May 29, 2009.

*Kevin P. Shepherd*, of Topeka, for the appellant.

*Joanna Labastida*, legal intern, *Jamie L. Karasek*, assistant district attorney, *Robert D. Hecht*, district attorney, and *Steve Six*, attorney general, for the appellee.

Before GREENE, P.J., PIERRON and STANDRIDGE, JJ.

PIERRON, J.: Tyler David Holm appeals his misdemeanor convictions for leaving the scene of an accident and failure to report an accident. He argues there was insufficient evidence to support the convictions. We reverse and remand.

In December 2007, the State charged Holm with one count each of leaving the scene of an accident, pursuant to K.S.A. 8-1603 (a class C misdemeanor), failure to report an accident, pursuant to K.S.A. 2008 Supp. 8-1606 (a class A misdemeanor), and no liability insurance, pursuant to K.S.A. 2008 Supp. 40-3104 (a class B misdemeanor).

According to the trial testimony of Shawnee County Sheriff's Deputy Craig Cochran, these charges arose around 2:20 a.m. on November 9, 2007, when he received a dispatch to investigate a possible vehicle accident. The Sheriff's Department received a report after two passing motorists observed a single-vehicle accident at the 6500 block of SW 69th Street in Shawnee County. Upon arrival at the scene, Cochran observed a GMC Safari van in the south ditch rolled over onto its hood. No driver was present at the scene. Out of concern for the drivers' safety, Cochran waited at the scene for more than an hour, followed footprints leading from

the van, and called the Topeka Police Department helicopter to search for the driver.

From the license plate, Cochran was able to ascertain that Holm was the van's owner. Sheriff's deputies attempted to contact Holm both at the scene and the following day but were unsuccessful. Holm did not return the deputies' calls until 12:15 a.m. on November 10, 2007, more than 22 hours after the initial accident report.

In an undated voluntary statement later provided to deputies and subsequently introduced at trial, Holm admitted he was the driver and he had "swerved to miss a deer and crashed [his] van." He further stated he had failed to report the accident because his phone was not working. At trial, Holm affirmed these admissions.

A bench trial was held on January 22, 2008. Holm presented proof of his liability insurance, and the district court dismissed the charge of no liability insurance. The court then found Holm guilty of leaving the scene of an accident and failure to report and imposed a $250 fine for each conviction. Despite Holm's conviction at a bench trial, the abstracts of his convictions indicated that he pled guilty to both charges.

As a result of the errors in the abstracts, Holm filed a motion to withdraw his plea in April 2008. At a motions hearing in July 2008, Holm withdrew this motion and moved the district court to enter an order allowing him to appeal out of time pursuant to *State v. Ortiz*, 230 Kan. 733, 640 P.2d 1255 (1982). The court granted him leave to file a late appeal because he proceeded pro se and the trial transcript demonstrated that he was never apprised of his right to appeal. The errors in the abstracts were corrected by a September 30, 2008, nunc pro tunc order, which evidenced that Holm was convicted by trial and not guilty pleas. After the court granted Holm's motion to appeal out of time, he filed a notice of appeal, challenging his conviction and sentence.

On appeal, Holm argues there was insufficient evidence to sustain his convictions for leaving the scene of an automobile accident, pursuant to K.S.A. 8-1603, and failure to report an automobile accident, pursuant to K.S.A. 2008 Supp. 8-1606. When a criminal defendant challenges the sufficiency of the evidence, "the standard of review is whether, after review of all the evidence, viewed in

the light most favorable to the prosecution, the appellate court is convinced that a rational factfinder could have found the defendant guilty beyond a reasonable doubt. [Citations omitted.]" *State v. Gutierrez*, 285 Kan. 332, 336, 172 P.3d 18 (2007). A conviction of even the gravest offense may be proven by circumstantial evidence. *State v. Garcia*, 285 Kan. 1, 22, 169 P.3d 1069 (2007).

Holm's sufficiency argument also requires us to interpret the statutory requirements in K.S.A. 8-1603, K.S.A. 8-1604, and K.S.A. 2008 Supp. 8-1606. Interpretation of a statute is a question of law over which this court exercises unlimited review. *State v. Storey*, 286 Kan. 7, 9-10, 179 P.3d 1137 (2008). The most fundamental rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained. *Winnebago Tribe of Nebraska v. Kline*, 283 Kan. 64, 77, 150 P.3d 892 (2007). This intent should be ascertained first through the statute's language while "giving ordinary words their ordinary meaning. [Citation omitted.]" *State v. Stallings*, 284 Kan. 741, 742, 163 P.3d 1232 (2007). If a statute is plain and unambiguous, a court should not speculate as to the legislative intent behind it and add meaning "not readily found in it. . . . It is only if the statute's language or text is unclear or ambiguous that we move to the next analytical step, applying canons of construction or relying on legislative history construing the statute to effect the legislature's intent." *In re K.M.H.*, 285 Kan. 53, 79, 169 P.3d 1025 (2007).

Within the criminal context, statutes must be strictly construed in favor of the accused. Any reasonable doubt as to the meaning of the statute is decided in favor of the accused. Nonetheless, this rule of strict construction is subordinate to the rule that judicial interpretation must be reasonable and sensible to effect legislative design and intent. *State v. Paul*, 285 Kan. 658, 662, 175 P.3d 840 (2008).

Holm's first argument on appeal is that there was insufficient evidence to sustain his conviction for leaving the scene of an accident. K.S.A. 8-1603 reads in pertinent part:

"The driver of any vehicle involved in an accident resulting only in damage to a vehicle or other property which is *driven or attended by any person* shall immediately stop such vehicle at the scene of such accident, or as close thereto as

possible, but shall forthwith return to and in every event shall remain at the scene of such accident until he or she has fulfilled the requirements of K.S.A. 8-1604. . . . Any person failing to stop or comply with said requirements under such circumstances shall be guilty of a misdemeanor and, upon conviction, shall be punished as provided in K.S.A. 8-2116." (Emphasis added.)

In order to avoid a violation of K.S.A. 8-1603, the driver of the vehicle must comply with the reporting requirements in K.S.A. 8-1604.

"(a) The driver of any vehicle involved in an accident resulting in injury to or death of any person, or damage to any vehicle or other property which is driven or attended by any person, shall give such person's name, address and the registration number of the vehicle such person is driving, and upon request shall exhibit such person's license or permit to drive, the name of the company with which there is in effect a policy of motor vehicle liability insurance covering the vehicle involved in the accident and the policy number of such policy to any person injured in such accident or to the driver or occupant of or person attending any vehicle or other property damaged in such accident, and shall give such information and upon request exhibit such license or permit and the name of the insurer and policy number, to any police officer at the scene of the accident or who is investigating the accident and shall render to any person injured in such accident reasonable assistance, including the carrying, or the making of arrangements for the carrying of such person to a physician, surgeon or hospital for medical or surgical treatment if it is apparent that such treatment is necessary, or if such carrying is requested by the injured person.

"(b) In the event that none of the persons specified are in condition to receive the information to which they otherwise would be entitled under subsection (a) of this section, and no police officer is present, the driver of any vehicle involved in such accident after fulfilling all other requirements of K.S.A. 8-1602, and amendments thereto, and subsection (a) of this section, insofar as possible on such person's part to be performed, shall forthwith report such accident to the nearest office of a duly authorized police authority and submit thereto the information specified in subsection (a) of this section."

## K.S.A. 8-1602(a) reads as follows:

"(a) The driver of any vehicle involved in an accident resulting in injury to or death of any person shall immediately stop such vehicle at the scene of such accident, or as close thereto as possible, but shall then forthwith return to and in every event shall remain at the scene of the accident until he or she has fulfilled the requirements of K.S.A. 8-1604. Every such stop shall be made without obstructing traffic more than is necessary."

A reading of these statutes appears to require remaining at the scene of a noninjury accident only if the property damaged by the damaging driver is attended by another person. Therefore, a single-car, noninjury accident does not require remaining at the scene unless the property of some other person is damaged.

Holm's conviction for failure to report an accident is also unsustainable. K.S.A. 2008 Supp. 8-1606 provides three alternative requirements for reporting an accident to law enforcement officials. Only the first of these is relevant for our purposes and provides:

"The driver of a vehicle involved in an accident resulting in injury to, great bodily harm to or death of any person or total damage to all property to an apparent extent of $1,000 or more shall give notice immediately of such accident, by the quickest means of communication, to the nearest office of a duly authorized police authority." K.S.A. 2008 Supp. 8-1606(a).

K.S.A. 2008 Supp. 8-1606 only requires reporting requirements for noninjury property accidents if there is at least $1,000 in property damage. In construing K.S.A. 2008 Supp. 8-1606 in the light most favorable to the defendant, as we are required to do, Holm's conviction cannot stand. K.S.A. 2008 Supp. 8-1606 fails to criminalize the failure to report accidents with property damage less than $1,000. The State failed to introduce evidence to document an apparent $1,000 in damage to Holm's van or the ditch where it landed, although such damage may have occurred. As a result, there was insufficient evidence to support Holm's conviction for failure to report.

Reversed and remanded.