NOT DESIGNATED FOR PUBLICATION

No. 112,802

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

STEVEN MCMILLAN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed February 5, 2016. Affirmed.

*Caroline Zuschek*, of Kansas Appellate Defender office, for appellant.

*Boyd K. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., PIERRON, J., and WALKER, S.J.

*Per Curiam*: Steven A. McMillan appeals the district court's denial of his presentencing motion to withdraw his plea under K.S.A. 2014 Supp. 22-3210(d)(1). He argues the district court abused its discretion in finding he did not show good cause to withdraw his plea. He specifically contends the district court erred in finding plea counsel was competent despite allegedly failing to file certain motions. He also argues the court erred in finding that he fairly and understandingly entered his plea because a sufficient factual basis did not support his plea.

1

On June 3, 2013, the Wichita Police arrested Steven McMillan; his wife, Amanda Trolinder; and his friend, Joseph Bodner, near a construction site for a Kia dealership. The State charged McMillan, Trolinder, and Bodner with burglarizing a building that was not a dwelling and felony theft. The original information listed McMillan as "CARLTON A[.] TENKE, a/k/a STEVEN A. MCMILLAN." District Judge Douglas Roth presided over a preliminary hearing in the case on July 16, 2013. The court found McMillan had a copy of the original information charging him with burglary and theft. On November 12, 2013, the State amended the information to identify McMillan as "STEVEN A. MCMILLAN, a/k/a CARLTON A. TENKE." The amended information also listed McMillan as the sole defendant, removing the names of both Trolinder and Bodner. The record does not show whether McMillan had a copy of the amended information.

On November 12, 2013, the date set for trial, McMillan entered into a plea agreement with the State. District Judge Bruce C. Brown presided over the plea hearing. McMillan pled no contest to one count of burglary, and the felony theft count was dismissed. As part of the plea, McMillan signed an "Acknowledgement of Rights and Entry of Plea" form. The form had spaces to list any medications McMillan might be taking as well as the name of his attorney, Larry Marczynski. Both of these spaces were blank, but both McMillan and Marczynski signed the form.

At the plea hearing, the district court asked the State to supply the factual basis for McMillan's plea. The State said a security company had called 911 to report people were on a property located at 8725 West Kellogg without permission. When an officer arrived, he found McMillan on the property. The officer found insulation on McMillan's head that matched insulation inside the construction site. The security company had video of McMillan entering the property. The State also said the site had wire, which went to the dismissed theft count. Marczynski agreed this was an adequate description of the events. He stated he had no objections and added only that McMillan was actually apprehended a

2

couple blocks from the construction property, not on the construction property itself. The court found that a sufficient factual basis existed for McMillan's plea.

After McMillan's plea, the district court released him on bond pending sentencing. Approximately 2 months later, McMillan submitted a urine sample that tested positive for methamphetamines. The court revoked his bond on January 13, 2014.

Prior to sentencing but after revocation of his bond, McMillan filed a motion to withdraw his plea. In his motion, McMillan argued medical issues, incompetent counsel, and an insufficient factual basis prevented him from knowingly and voluntarily entering his plea. The district court held a hearing to determine whether McMillan had shown good cause to withdraw his plea. Judge Brown presided over the hearing. McMillan testified that during the preliminary hearing, Marczynski said he would file a motion challenging the value of the allegedly stolen property. McMillian also said Marczynski was supposed to file a motion regarding other physical evidence. McMillan believed Marczynski had filed these motions prior to the plea agreement. McMillan told the court he was more willing to enter the plea agreement because he believed these motions had been filed and denied. After entering his plea, McMillan learned Marczynski had not filed these specific motions. McMillan also argued that the court lacked a factual basis for his plea. McMillan abandoned his argument regarding medical issues at the hearing.

The district court denied McMillan's motion to withdraw his plea. The court found McMillan's argument regarding medical issues was without merit. The court also found Marczynski was competent counsel. According to the court, the unfiled motions went to evidence, and McMillian had waived his right to contest evidence when he entered his plea. Finally, the court found the State's proffer was a sufficient factual basis for the plea. The court also noted it found the timing of the motion suspect. McMillan did not file the motion until after revocation of his bond, which may have cost him the benefit of his plea.

The district court sentenced McMillan to 30 months in prison for the burglary conviction at a separate hearing. McMillan timely appeals.

A district court may, within its discretion, allow a defendant to withdraw a guilty or no contest plea prior to sentencing if the defendant is able to show good cause. K.S.A. 2014 Supp. 22-3210(d)(1). On appeal, the defendant must establish that the district court abused its discretion in denying the presentence motion to withdraw. *State v. Kenney*, 299 Kan. 389, 393, 323 P.3d 1288 (2014). A judicial action constitutes an abuse of discretion if the action is: (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014).

The standard of good cause for presentencing motions to withdraw a plea is a lesser standard than the manifest injustice standard for postsentencing motions to withdraw. *State v. Schow*, 287 Kan. 529, 540-41, 197 P.3d 825 (2008). The district court considers three factors (sometimes called the *Edgar* factors) to determine if good cause exists to withdraw a plea: (1) whether competent counsel represented the defendant; (2) whether someone misled, coerced, mistreated, or unfairly took advantage of the defendant; and (3) whether the defendant fairly and understandingly entered the plea. *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 (2006). The defendant does not need to establish all three factors in order to demonstrate good cause to withdraw his or her plea. *State v. Ebaben*, 294 Kan. 807, 812, 281 P.3d 129 (2012). The district court may also consider other factors in making its determination. 294 Kan. at 812.

In his argument, McMillan focuses on two of the three *Edgar* factors: He did not fairly and understandingly enter his plea, and his counsel was not competent. His first argument is he did not fairly and understandingly enter his plea because a sufficient factual basis did not support the plea. His second argument is his counsel was not competent because Marczynski told McMillan certain evidentiary motions had been filed

4

when those motions had not in fact been filed. McMillan claims his belief that the motions had been filed was a factor in his decision to enter a plea.

*Sufficient Factual Basis*

Before a district court can accept a guilty or no contest plea, it must first satisfy itself that there is a factual basis to support the plea. K.S.A. 2014 Supp. 22-3210(a)(4). To satisfy itself that there is a factual basis to support a defendant's plea, the court must establish that all elements of the crime charged are present. *Edgar*, 281 Kan. at 42. Mere recitation of the elements of a crime is insufficient. Evidence must demonstrate how the defendant's conduct fell within the elements of the crime charged. See *Ebaben,* 294 Kan. at 815-16. Whether evidence is sufficient to establish the elements of the crime is within the discretion of the court. *Edgar*, 281 Kan. at 44.

In the case of a no contest plea, the factual basis requirement may be satisfied: (1) by giving or reading to the defendant a complaint or information which sets forth the factual details and essential elements of the particular crime charged; (2) by the State's or the defendant's factual statement presented at the plea hearing; or (3) based on the evidence presented at a preliminary hearing at which the same judge presided. *Ebaben*, 294 Kan. at 813. A failure to comply with the requirements of K.S.A. 2014 Supp. 22-3210 may be good cause for granting a motion to withdraw if the noncompliance results in the defendant not understanding the nature of the charge or the consequences of entering the plea. *Edgar*, 281 Kan. at 38. If a review of the entire record establishes the plea was knowingly and voluntarily made, however, failure to strictly comply with K.S.A. 2014 Supp. 22-3210 is harmless error. *Trotter v. State*, 218 Kan. 266, 269, 543 P.2d 1023, 1027 (1975).

In the present case, McMillan was charged with and pled no contest to burglary under K.S.A. 2014 Supp. 21-5807(a)(2). The essential elements of the crime charged are

5

(1) that without authority, McMillan entered or remained within (2) a building or other structure (3) with the intent to commit a felony, theft, or sexually motivated crime therein. K.S.A. 2014 Supp. 21-5807(a)(2). Under Kansas law, incomplete structures may be considered buildings for the purposes of the burglary statute, but such structures must have reached a level of completion that they may be used to provide shelter for humans or storage for property. See *State v. Storey*, 286 Kan. 7, 9-16, 179 P.3d 1137 (2008). Additionally, the intent element of burglary may be inferred from circumstantial evidence including: manner of entry, time of day, character and contents of building, the intruder's actions after entry, the intruder's explanations, and the surrounding circumstances. *State v. Wilson*, 45 Kan. App. 2d 282, 288, 246 P.3d 1008 (2011) (citing *State v. Harper*, 235 Kan. 825, 828-29, 685 P.2d 850 [1984]).

Because different judges presided over the preliminary hearing and the plea withdrawal hearing in this case, only the information or the State's proffer at the plea hearing may serve as the factual basis for McMillan's plea. McMillan contends neither of these remaining options provided a factual basis to support his plea. The State argues the State's proffer at the plea hearing was a sufficient factual basis. The State also contends McMillan's argument loses sight of the purpose of the factual basis requirement, which is for the court to assure itself, in the presence of the defendant, that a sufficient factual basis exists.

McMillan first argues neither the original nor the amended information were sufficient as a factual basis. According to McMillan, the original information was insufficient because it did not include his name, it included other defendants, and it included an additional charge which was dismissed as part of his plea. The State later filed an amended information with McMillan's name and listing him as the sole defendant. While the record shows McMillan at least received a copy of the original information, it does not show he received a copy of the amended information.

6

The differences between the original and amended information do not demonstrate an insufficient factual basis. McMillan argues the original information did not list his name, but this is not necessarily true. He was listed as "CARLTON A[.] TENKE a/k/a STEVEN A. MCMILLAN." While he was not listed primarily under his real name, his real name was in the information, which should have been sufficient to notify him that he was the one charged. Additionally, the listing of his two codefendants or the additional felony theft charge which was later dismissed would not have detracted from his ability to understand the nature of the conduct for which he was being charged. Other than these two differences, the original and amended information were identical.

McMillan further argues that both the original and amended information only contained a recitation of the elements of the crime without any additional facts to demonstrate that all elements were present. McMillan argues the complaint fails to establish that he lacked authority to be on the property, how he entered or remained within a building on the property, his intent to commit a felony, and if that intent coexisted with his presence on the property. While the information recites these elements, it fails to provide factual details to establish their presence. Because neither information provided evidence of all the elements of the crime, they cannot serve as the factual basis of McMillan's plea.

While the differences between the original and amended information may not demonstrate an insufficient factual basis, they both arguably fail to establish that all elements of the crime charged were present. While an information may be brief, it must contain factual details over and above a mere recitation of the elements. See *Ebaben*, 294 Kan. at 814 (finding complaint without factual details other than defendant's name insufficient factual basis); see also *Widener v. State*, 210 Kan. 234, 237-40, 499 P.2d 1123 (1972) (finding factual basis requirement for no contest plea to burglary was satisfied because "factual circumstances . . . were meticulously set forth in separate informations"). The original burglary charge read:

"[O]n or about the 2nd day of June, 2013 A.D., one . . . CARLTON A[.] TENKE a/k/a STEVEN A. MCMILLAN did then and there unlawfully and without authority enter into or remain within a building, manufactured home, mobile home, tent or other structure which is not a dwelling, to-wit: a building located at 8725 West Kellogg, Wichita, Sedgwick County, Kansas, with the intent to commit a theft therein."

While the information in this case contained more facts than just the defendant's name, it does not reach the level of factual detail of the information in *Widener*, which provided facts for all the essential elements of burglary, such as type of building and intent through manner of entry and time of day. The information in this case is much closer to the one in *Ebaben* which only provided a few basic details of the crime such as the defendant's name and the date. As such, it is most likely an insufficient factual basis for McMillan's plea.

McMillan argues that in addition to the information being an insufficient factual basis for his no contest plea, the State's proffer of fact at the plea hearing was also insufficient as a factual basis. At the plea hearing, the court asked the State to provide a factual basis for the plea and the following colloquy took place:

"[THE STATE]: . . . Generically, the State would submit to the Court and proffer that this did go to trial today as we anticipated and expected with the jury panel being present. That here in Sedgwick County on the 2nd day of June 2013, the defendant listed in the original complaint/information as Carlton A. Tenke, he did then and there unlawfully and without authority enter into and remain in a building, that being 8725 West Kellogg, Wichita, Kansas, Sedgwick County and he did so with the intent to commit a theft herein. This building was not a dwelling.

"Specifically, the evidence would show that Officer Meier responded to the aforementioned lobby at 8725 West Kellogg after receiving information from 911 dispatch. There in turn he received information from members of Titan Security that particular individuals without permission were on the property. Officer Meier arrived on scene, found the defendant, in fact, on the property.

"Evidence would also show that the videos previously mentioned by Titan Security show the defendant going into the building on the premises which was under construction at the time. Officers assisted Officer Meier and found the defendant had

8

insulation building material on his head which was consistent with building insulation that was found inside the property and that there were spools of wire. Well, simply that goes to the dismissed count, Your Honor. So in terms of particularities, that would be the State's proffer for the factual basis as set forth for the charges in the plea agreement.

"THE COURT: Mr. Marczynski, any objection to that factual basis?

"MR. MARCZYNSKI: No, Judge. The only thing I would add or change to that was that Mr. McMillan was not apprehended on the construction property. He was apprehended a couple blocks away at Western Holiday Inn Motel. Other than that, I believe the State has adequately detailed the incident.

"THE COURT: Okay. I will find that there is a factual basis for the plea . . ."

McMillan concedes the State's proffer provided evidence that he was on the property without authority, as demonstrated by the phone call from the security company and Officer Meier's identification of McMillan at the scene. He argues, however, that the State failed to provide evidence that a building was located at the construction site or that he intended to commit a theft.

While the State's proffer is admittedly weak on these points, it still provides evidence as to these two elements. First, the State notes that insulation and wire were found on the site. This would suggest that the structure had reached a level of completion that required the installation of insulation and wiring; and the structure was complete enough to shelter property since it was being used to do so. This suggests the level of completion necessary for a structure to qualify as a building for the purposes of the burglary statute. See *Storey*, 286 Kan. at 9-16. The State also mentions "spools of wire" which "goes to the dismissed count." In this case, the dismissed count was felony theft, thus providing evidence of an intended felony or theft. Finally, given that McMillan was on the property without authority and there were items on the property worth more than $1,000 that could be stolen, circumstantial evidence of his intent to commit felony theft is present. See *Wilson*, 45 Kan. App. 2d at 288. While the evidence on these elements is not particularly strong, the district court has the discretion to decide if the evidence is sufficient. *Edgar*, 281 Kan. at 44. Since a reasonable person could agree all essential elements of the crime were present in the State's proffer, the court did not abuse its discretion in finding a sufficient factual basis for the plea.

9

If both the information and the State's proffer failed to provide a sufficient factual basis on its own, however, the district court's finding that a sufficient factual basis supported McMillan's plea was still not an abuse of discretion given a review of the plea hearing. Under Kansas law, a recitation of the elements of an offense coupled with the defendant's stipulation that a factual basis exists is a sufficient factual basis for a no contest plea. See *State v. Shaw*, 259 Kan. 3, 11, 910 P.2d 809 (1996). In *Shaw*, the court informed the defendant that he was charged with a single count, then read out the essential elements of the crime as set out in the complaint. The defendant's counsel then stipulated there was a sufficient factual basis for the defendant's no contest plea. On review, the Kansas Supreme Court found that while a stipulation on its own cannot support a plea, the stipulation coupled with the recitation of the elements established a sufficient factual basis for the defendant's plea. *Shaw*, 259 Kan. at 11.

In the present case, the State read out the essential elements of the crime as listed in the complaint in addition to facts establishing the presence of some, if not all, of the elements. Marczynski then agreed that "the State . . . adequately detailed the incident" and entered no objection other than to clarify the location of McMillan's apprehension by Officer Meier. The State's recitation of the elements of burglary plus basic facts of the incident coupled with Marczynski's assertion that the State's proffer was adequate to establish that there was a sufficient factual basis to support McMillan's no contest plea.

McMillan argues his case is distinguishable from *Shaw* but misstates the facts in *Shaw*. McMillan states the court in *Shaw* looked to the defendant's signed stipulation to the State's evidence in reaching its opinion, but this is not the case. The court looked to defense counsel's verbal stipulation to the factual basis at the plea hearing. *Shaw*, 259 Kan. at 5, 9, 11. As such, *Shaw* is virtually indistinguishable from and controls the outcome in McMillan's case.

Even if the district court erred in finding a factual basis for the plea, though, the error was harmless because a review of the entire record demonstrates the plea was knowingly and voluntarily made. McMillan was 52 years old at the time of the plea and had a long criminal history stretching back to 1979. He had 16 prior burglary counts, 13 prior felony theft counts, and had "been through the process of . . . understanding a plea" before. McMillan was present at the preliminary hearing and heard the State's case against him. Furthermore, the record shows McMillan had met with Marczynski and they had reviewed and discussed the plea prior to entering it. Given his familiarity with the criminal justice system, his knowledge of the State's evidence, and his meetings with Marczynski, McMillan almost certainly knew and understood the wrongful nature of his conduct and the nature of the charge contained in his plea. Since his plea was entered into knowingly and voluntarily, any error on the part of the district court in finding a sufficient factual basis would have been harmless. Thus, the court's finding that there was a sufficient factual basis for McMillan's plea and its finding that McMillan had entered the plea knowingly and voluntarily is affirmed.

*Competent Counsel*

McMillan also argues the district court abused its discretion when it found he did not have good cause to withdraw his plea due to incompetent counsel. A defendant attempting to show good cause on a presentence motion to withdraw a plea due to incompetent counsel does not have to meet as high a standard as an ineffective assistance of counsel claim under the Sixth Amendment to the United States Constitution. *State v. Aguilar*, 290 Kan. 506, Syl. ¶ 1, 231 P.3d 563 (2010). "Mere[] lackluster advocacy" may be enough to show incompetent counsel and thus good cause to withdraw a plea prior to sentencing. 290 Kan. at 513. The established minimum standard for reasonable representation by plea counsel, however, is advising the defendant of the range of possible penalties and discussing the choices available to the defendant. *State v. White*,

11

289 Kan. 279, 285-86, 211 P.3d 805 (2009) (citing *State v. Shears*, 260 Kan. 823, 830, 925 P.2d 1136 [1996]).

McMillan argues the district court abused its discretion by failing to apply the appropriate legal standards regarding incompetent counsel. According to McMillan, the court failed to appreciate the nature of his argument and correctly apply the relevant *Edgar* factor—while he was challenging his attorney's competency, the court instead stated that the motions which McMillan believed had been filed went to factual issues and McMillan had waived his right to contest these issues when he entered his plea. In support of his argument, McMillan cites to *Aguilar* where a defendant attempted to show good cause to withdraw her plea before sentencing due to incompetent counsel. She argued there was a conflict of interest because plea counsel had represented both her and her codefendant in a constructive drug possession case. In its ruling, the court failed to address any evidence of this conflict of interest. Instead, the court held the defendant had not demonstrated ineffective assistance of counsel because plea counsel had appeared in that same court many times before and appeared to be a good attorney. The Kansas Supreme Court held that the district court had abused its discretion by applying the wrong legal standard because:  (1) a defendant in a presentence motion to withdraw does not need to demonstrate ineffective assistance of counsel; and (2) the district court had failed to address obvious evidence of an insurmountable conflict of interest. 290 Kan. at 512-15.

McMillan's case, however, is distinguishable from *Aguilar* for a number of reasons. First, the district court did identify the correct legal standard in its ruling, citing K.S.A. 2014 Supp. 22-3210(d)(1), *State v. Williams*, 290 Kan. 1050, 236 P.3d 512 (2010), and reciting the three *Edgar* factors. Second, it did not mention any erroneous legal standards in its ruling as did the district court in *Aguilar*. See *State v. Garcia*, 295 Kan. 53, 63-64, 283 P.3d 165 (2012) (holding district court abused its discretion by relying too heavily on caselaw which had been overturned and not mentioning current

12

controlling law). Third, Marczynski's alleged misconduct was much less severe than that of plea counsel in *Aguilar*. While a court *may* find lackluster advocacy demonstrates good cause, it is not compelled to do so. See *State v. Jones*, No. 106,236, 2012 WL 6734510, at *4 (Kan. App. 2012) (unpublished opinion) (finding case "easily distinguishable from *Aguilar*" because there was no indication plea counsel's representation was affected by conflict of interest); *State v. Williams*, No. 106,516, 2012 WL 6734512, at *7 (Kan. App. 2012) (unpublished opinion) (distinguishing from *Aguilar* because "there was no egregious violation by defense counsel . . . that the judge simply failed to address"). Finally, the district court made an explicit finding that Marczynski was competent and, unlike the court in *Aguilar*, addressed McMillan's arguments regarding the evidentiary motions.

McMillan additionally argues that while the district court may have discussed the evidentiary motions, it mischaracterized McMillan's argument. In its ruling, the district court stated:

> "[M]otions were not filed with regard to the value of property alleged to have been stolen, and with regard to boots, a boot print, and the issue here is these were all factual issues that would be presented at a trial.
> "That's exactly what Mr. McMillan waived was his right opportunity to dispute this. These legal issues and he waived his right to a trial, so I don't find there being any merit to, gee, I want to contest the value of the property, I want to bring up the fact there were boot prints. That's what you bring up at trial and he waived that."

In his brief, McMillan emphasizes that he was not asking to relitigate the issues but "was merely attempting to explain the motions that he believed his attorney had filed on his behalf that his attorney had never filed." McMillan did put forth the argument that his belief that Marczynski had filed certain motions was a factor in his accepting the plea. He also testified Marczynski had told him the motions had been filed. McMillan repeatedly testified that these actions led him to believe the motions had been filed, however, he

13

appears to never have testified that Marczynski did anything to cause him to believe the motions had been *denied*. While he claims this is so in his brief, the pages he cites to in the record do not support this contention. In fact, his testimony implies that he was not told anything, and that he failed to ask about the motions before entering his plea. Thus, even if Marczynski had told McMillan he would file the evidentiary motions, McMillan assumed on his own these motions had been denied and made the further assumption that they had been denied because the State's case was stronger than it was. See *State v. Shears*, 260 Kan. 823, 834, 925 P.2d 1136 (1996) ("'[M]istaken subjective impressions, in the absence of substantial objective proof showing that they were reasonably justified, do not provide sufficient grounds upon which to vacate a guilty plea."). McMillan's argument can then be fairly characterized as: McMillan inaccurately assumed the State's case was stronger than it was, which induced him to enter the plea, but now he wants a chance to go to trial and litigate the evidentiary issues. The judge's comments go directly to this argument.

McMillan also argues that sufficient evidence demonstrates Marczynski's incompetence as plea counsel. McMillan notes Marczynski's failure to file certain evidentiary motions despite telling McMillan he would was uncontested by the State. Courts are not required to accept uncontested testimony as sufficient evidence, however. See *State v. Molina*, No. 104, 375, 2011 WL 6309457, at * 4 (Kan. App 2011) (unpublished opinion) (finding appellant's uncontested claim counsel misled him to believe plea would be easy to withdraw was insufficient to show good cause). Courts may weigh any such testimony against other factors. See *State v. Simpson*, No. 109, 063, 2014 WL 1193382, at * 6-7 (Kan. App. 2014) (unpublished opinion) (finding district court may weigh appellant's testimony against: lack of corroborating evidence, his admissions on cross-examination, his comportment and demeanor, and State's evidence). In this case, McMillan's testimony was uncorroborated and the State provided evidence of a number of motions Marczynski had filed on McMillan's behalf. In addition, Judge

14

Brown presided over both the plea hearing and the hearing on the motion to withdraw and was thus able to factor in McMillan's demeanor on both days.

In addition, McMillan argues Marczynski exhibited a number of other signs of misconduct showing he did not provide competent counsel. These included: (1) not moving to have McMillan tried for criminal trespass; (2) not filling out two blanks on the plea acknowledgment form; and (3) not spending enough time going over the plea with McMillan. At the hearing on the motion to withdraw, however, McMillan testified that at the time of his plea hearing he was satisfied with the services of Marczynski. Since Judge Brown presided over the plea hearing and the withdrawal hearing, he was in the best position to resolve this conflict in McMillan's statements. See *State v. Macias-Medina*, 293 Kan. 833, 839, 268 P.3d 1201 (2012) (noting same judge presided over plea hearing and the motion to withdraw hearing and was thus in the best position to resolve any conflicts in testimony). His ruling suggests he found McMillan's testimony at the withdrawal hearing unconvincing.

The district court did not abuse its discretion in finding McMillan failed to show good cause to withdraw his plea due to incompetent counsel. The court applied the correct legal standard in reaching its decision and addressed McMillan's concerns. McMillan's beliefs about any evidentiary motions that may or may not have been filed before his plea and what those said about the State's case appear to be his own impressions based on his testimony and the evidence presented. Because the district court did not err in finding McMillan was represented by competent counsel, its ruling is affirmed.

*Abandoned Points*

In both his motion to withdraw his plea and at the hearing on his motion, McMillan argued he did not understand the nature of his plea agreement due to medical

issues and a number of medications he was taking. As the State notes, McMillan did not brief this issue on appeal, so he has abandoned it. See *State v. Boleyn*, 297 Kan. 610, 633, 303 P.3d 680 (2013) (holding when an appellant fails to brief an issue, the court deems the appellant to have waived and abandoned that issue).

Affirmed.