IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 114,397

STATE OF KANSAS,
*Appellee*,

v.

STEVEN A. CLARK,
*Appellant*.

SYLLABUS BY THE COURT

1.

Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which the appellate court has unlimited review.

2.

Interpretation of K.S.A. 1994 Supp. 22-3717 is a question of law subject to unlimited review.

3.

An illegal sentence is defined as (1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in the character or the term of the authorized punishment; or (3) a sentence that is ambiguous concerning the time and manner in which it is to be served.

4.

The statute providing for a hard 25 life sentence, K.S.A. 1994 Supp. 22-3717(b)(1), applies to certain crimes committed on or after July 1, 1994.

5.

Under the facts of this case, the district court did not err in summarily denying defendant's motion.

Appeal from Sedgwick District Court; JOHN J. KISNER, JR., judge. Opinion filed April 14, 2017. Affirmed.

*Michael P. Whalen and Krystle Dalke*, of Law Office of Michael P. Whalen, of Wichita, were on the brief for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

NUSS, C.J.: A jury found Steven A. Clark guilty of one count of first-degree murder and one count of attempted first-degree murder for crimes he committed in October 1994. In June 1995, the district court imposed sentence—including a hard 25 life sentence. Nearly 20 years later Clark filed a motion contending that his sentence is illegal because his crimes predated the hard 25 sentencing statute.

Because we conclude that the hard 25 sentencing statute applies to certain crimes committed on or after July 1, 1994, and therefore applies to the crimes Clark committed in October 1994, we affirm the decision of the district court.

FACTS AND PROCEDURAL BACKGROUND

According to the prosecution, Steven A. Clark believed that his girlfriend, Lynette Odanga, was in a sexual relationship with Kenneth Shine. On October 23, 1994, Shine and several other individuals visited Odanga's apartment. Clark, who was also present, got into an altercation with Shine and fired two shots in Shine's direction. Shine and Odanga then fled and eventually split up. Clark followed Odanga; when she tried to speak to him, he shot her in the head.

A jury returned a guilty verdict of first-degree murder and attempted first-degree murder on April 13, 1995. On June 22, 1995, the district court sentenced Clark to a hard 25 life imprisonment for first-degree murder and a consecutive 134 months' imprisonment for attempted first-degree murder.

Nearly 20 years later, Clark filed two motions to correct an illegal sentence on several grounds. The district court denied the motions.

In April 2015, Clark filed a pro se motion for reconsideration, to stay appeal, for evidentiary hearing, and to alter and amend. Clark essentially argued that his sentence was illegal because the hard 25 sentence authorized by statute did not come into effect until July 1, 1995, and he had been sentenced 9 days earlier.

At a later hearing on the motion for reconsideration, the prosecution, defense counsel, and court agreed that the hard 25 sentencing statute actually took effect on July 1, 1994, and Clark had committed his crimes on October 23, 1994. Accordingly, these determinations helped lead the court to deny Clark's motion.

This court's jurisdiction over Clark's appeal is proper under K.S.A. 2015 Supp. 22-3601(b)(3), (4) (maximum sentence of life imprisonment imposed for an off-grid crime [first-degree murder]).

More facts will be added as necessary to the analysis.

ANALYSIS

Clark appeals only the district court's denial of his motion to correct illegal sentence, *i.e.*, the applicability of the hard 25 sentence.

*Standard of review*

Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which the appellate court has unlimited review. *State v. Gray*, 303 Kan. 1011, 1013, 368 P.3d 1113 (2016) (citing *State v. Taylor*, 299 Kan. 5, 8, 319 P.3d 1256 [2014]). Additionally, interpretation of the hard 25 sentencing statute, K.S.A. 1994 Supp. 22-3717, is a question of law subject to unlimited review. See *State v. Ballard*, 289 Kan. 1000, 1006, 218 P.3d 432 (2009) ("Interpretation of statutes is a question of law over which this court has unlimited review.") (citing *State v. Storey*, 286 Kan. 7, 9-10, 179 P.3d 1137 [2008]).

*Discussion*

K.S.A. 22-3504(1) provides that "The court may correct an illegal sentence at any time." But the statute only applies if a sentence is illegal, which this court has narrowly defined as:

4

"""(1) a sentence imposed by a court without jurisdiction; (2) *a sentence that does not conform to the applicable statutory provision*, either in the character or the term of the authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served.""" (Emphasis added.) *Gray*, 303 Kan. at 1014.

See also *Makthepharak v. State*, 298 Kan. 573, 578, 314 P.3d 876 (2013).

Additionally, the statute concerning the hard 25 sentence, K.S.A. 1994 Supp. 22-3717(b)(1), provides in pertinent part:

"[A]n inmate sentenced to imprisonment for the crime of capital murder, or an inmate *sentenced for the crime of murder* in the first degree based upon a finding of premeditated murder, *committed on or after July 1, 1994*, shall be eligible for parole after serving 25 years of confinement, without deduction of any good time credits." (Emphasis added.)

The statute's unmistakable language provides that the hard 25 sentence applies to certain crimes committed on or after July 1, 1994. See *State v. Wakefield*, 267 Kan. 116, 137-38, 977 P.2d 941 (1999) (discussing 1994 amendments that created a hard 25 sentence for premeditated murder). Clark committed his crimes on October 23, 1994, more than 3 months later. As a result, his hard 25 sentence does not fail to """conform to the applicable statutory provision . . . [in] the term of the authorized punishment.""" *Gray*, 303 Kan. at 1014. So his sentence is not illegal.

Accordingly, we affirm the district court's decision to deny Clark's motion.